THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| C.C. PRINE AND JAL-YAMS, INC. | * | CIVIL ACTION NO. 06-0966 |
| VERSUS | * | JUDGE JAMES |
| BASF CORPORATION, ET AL. | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by plaintiffs C.C. Prine ("Prine") and Jal-Yams, Inc. ("Jal-Yams") (collectively "Plaintiffs"). [Document No. 16]. Defendants Helena Chemical Company ("Helena") and BASF Corporation ("BASF") (collectively "Removing Defendants") oppose the motion. For the reasons stated below, the undersigned finds that jurisdiction in this court is proper, and Plaintiffs' Motion to Remand is **DENIED.**

## STATEMENT OF FACTS

This action arises out of damage allegedly caused to the plaintiffs' sweet potato crops caused by use of the herbicide Outlook. Plaintiffs, Louisiana domiciliaries, filed suit in Louisiana state court against the Removing Defendants, who are undisputedly diverse in citizenship from the plaintiffs, and also named as defendants Michael McKenzie ("McKenzie"), and Lance Cone ("Cone"), both undisputedly domiciliaries of Louisiana. The Removing

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

Defendants timely removed the action to this court on the basis of diversity of citizenship jurisdiction, alleging that the non-diverse defendants had been improperly joined in the action and therefore should be ignored for diversity purposes.

In their motion to remand, Plaintiffs claim that they possess a legitimate and viable claim against McKenzie and Cone because both were aware of the danger to sweet potatoes posed by Outlook, but recommended and sold it for use on sweet potatoes. Plaintiffs argue that diversity jurisdiction in this Court therefore does not exist.

However, a review of the petition shows that it alleges only that Outlook herbicide was manufactured by BASF and sold by Helena, and that the spreaders were calibrated and the herbicide delivered in Louisiana and Arkansas by employees of Helena who were supervised by McKenzie and Cone. The affidavit submitted by plaintiffs as an attachment to their reply brief confirms that McKenzie's and Cone's alleged individual liability stems solely from their role as supervisors of Helena's employees.

Removing Defendants counter that, under *Canter v. Koehring*, 52-870 (La. 9/24/1973); 283 So.2d 716, an employee can be held individually liable for work-related acts committed during the course of his employment only if the following factors are proven: (1) the employer owed the plaintiff a duty of care; (2) the employer delegated the duty to the employee-defendant (3) the employee-defendant breached the duty through personal (as opposed to technical or vicarious) fault; and (4) the duty was not one associated with the employee-defendant's general administrative responsibility for performance of some function of his employment. *Id.* at 721. Removing Defendants argue that Plaintiffs' petition and affidavit fail to allege facts supporting a claim against McKenzie or Cone under the above test.

## LAW AND ANALYSIS

Because subject matter jurisdiction in this case is premised on 28 U.S.C. § 1332(a)(1), complete diversity must exist between all plaintiffs and all defendants; no plaintiff can be a citizen of the same state as any defendant. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-4 (1978). While it is undisputed that the Plaintiffs and McKenzie and Cone are all domiciliaries of Louisiana, Removing Defendants claim that McKenzie and Cone should be disregarded for the purpose of determining jurisdiction because they have been improperly joined. *See* 28 U.S.C. § 1359; *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).

Improper joinder can be established in two ways: (1) proof of actual fraud in the pleading of jurisdictional facts, or (2) proof of the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *See Smallwood*, 385 F.3d at 573. Removing Defendants concede that improper joinder in this case exists, if at all, under the second method. Accordingly, they must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

When deciding whether a plaintiff could possibly recover against an in-state defendant, a district court may conduct a narrow or broad inquiry. The narrow inquiry resembles "a 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," while the broad inquiry is more akin to summary judgment in which the court may "pierce the pleadings" and look to

3

depositions, affidavits, and other evidence. *See id.* Which inquiry to utilize is wholly within a district court's discretion; however, the United States Court of Appeals for the Fifth Circuit has cautioned courts about unnecessarily performing a summary inquiry:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-5.

Regardless of which inquiry a district court chooses, the removing party alleging improper joinder bears a heavy burden of proof. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "[T]he district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). Any ambiguities in the controlling state law must also be resolved in the plaintiff's favor. *Id.* Lastly, to determine whether jurisdiction is present for removal, a court must consider the claims in the state court petition as they existed at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

Again, Plaintiffs possess a reasonable possibility of recovering in state court against McKenzie and Cone only if Plaintiffs can satisfy the criteria set forth in *Canter*. That criteria,

4

namely breach of a duty apart from an employee's general administrative responsibility, presents a large obstacle to Plaintiffs' case when neither their petition nor affidavit indicate that McKenzie did anything more than confirm the delivery of the herbicide to Plaintiffs by Helena's employees. As to Cone, Plaintiffs have failed to allege that they had any individual contact with him at all, and rely solely on his status as a manager of the employees who delivered and recommended the herbicide. At best, these facts suggest a claim based on vicarious fault, not personal fault, and thus is not viable under *Canter*. A larger – and in this case insurmountable – obstacle is presented by the Fifth Circuit's interpretation of *Canter* in *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214 (5th Cir. 1986), which stated that "*Canter* applies only to bodily injury claims and does not apply to claims arising in a commercial setting." *Id.* at 217 (adhering to *Fine Ironworks v. Louisiana World Exposition*, C-3652 (La. App. 4 Cir. 6/12/85); 472 So.2d 201); *see also Brookshire Bros. Holding v. Total Containment, Inc.*, No. 04-1150, 2006 U.S. Dist. LEXIS 29746, at *10-12 (W.D. La. April 26, 2006); *Giaque v. Clean Harbors Plaquemine, L.L.C.*, No. 03-958, 2004 U.S. Dist. LEXIS 29797, at *11-12 (M.D. La. Mar. 24, 2004); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp. 2d 511, 515 (E.D. La. 2001).

Plaintiffs have not alleged any bodily injury, but only seek recovery for property damage. Furthermore, Plaintiffs' claims arise from an arm's-length business transaction with Helena and clearly fall within the commercial setting exclusion recognized in *Unimobil*. In the absence of a Louisiana Supreme Court case to the contrary, this Court is bound by the Fifth Circuit's interpretation of *Canter* as set out in *Unimobil*. Thus, under the facts alleged in the petition and in the affidavit submitted in opposition to the present motion, the Plaintiffs have no viable claim against the non-diverse parties in this suit.

Therefore, for the reasons stated above, the undersigned finds that Removing Defendants

have carried their burden of proving that Plaintiffs have no reasonable possibility of recovery against McKenzie and Cone, the in-state defendants named in this case, jurisdiction is proper in this court, and Plaintiffs' Motion to Remand is **DENIED.**

**THUS DONE AND SIGNED** this 3rd Day of August, 2006, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE